IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03407-LTB-RTG

NEIL T. BISHOP and
SHERRONNA P. BISHOP,

      Plaintiffs,

v.

USA,

      Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on Plaintiffs' *pro se* "Response to Order Directing Plaintiffs to Provide a Third Revised Complaint" (ECF No. 10), which is liberally construed as a Third Amended Complaint, filed on January 9, 2026. Plaintiffs have paid the filing fee. (ECF No. 8). The matter has been referred to this Magistrate Judge for recommendation. (ECF No. 12).

The Court must construe Plaintiffs' filings liberally because they are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520- 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the case file and the applicable law and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that Plaintiffs' "Response to Order Directing Plaintiffs to

1

Provide a Third Revised Complaint" (ECF No. 10), which is liberally construed as a

Third Amended Complaint, be dismissed.

## I. DISCUSSION

### A.    Background and Third Amended Complaint

Plaintiffs Neil T. Bishop and Sherronna P. Bishop reside in Carthage, Texas. On

October 27, 2025, Plaintiffs initiated this action by filing *pro se* a Complaint for Damages

and Equitable Relief (ECF No 1). In response to an order from the Court, Plaintiffs filed

an Amended Complaint (ECF No. 5), a Second Amended Complaint (ECF No. 6), and

they paid the filing fee (ECF No. 8).

On December 10, 2025, the Court ordered Plaintiffs to file a Third Amended

Complaint. (ECF No. 9). Specifically, the Court directed Plaintiffs to file a Third

Amended Complaint that complied with Rule 8 of the Federal Rules of Civil Procedure,

that did not assert a *Bivens* claim against the United States (because such claim was

barred by sovereign immunity), and that provided specific details as to whether they

have exhausted their administrative remedy under the FTCA and to attach relevant

documentation regarding such exhaustion. (*Id.*). Plaintiffs were specifically informed that

"[a] conclusory statement (in a previous pleading) that they filed the SF-95 form is

insufficient." (*Id.* (citing *Bush v. F.D.I.C.*, 999 F.2d 547 (10th Cir. 1993) (citing *Gillespie

v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative

claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA . . . . A

district court may dismiss a complaint for failure to allege this jurisdictional prerequisite;

. . . [h]owever, the pleader should be given an opportunity to file an amended complaint

to attempt to cure such pleading defects.")))). Plaintiffs were warned that if they failed to

2

file a Third Amended Complaint as directed within the time allowed, the action could be dismissed without further notice. (*Id.*).

On January 9, 2026, Plaintiffs filed a "Response to Order Directing Plaintiffs to Provide a Third Revised Complaint" (ECF No. 10), which is liberally construed as a Third Amended Complaint, and is the operative pleading.

In the Third Amended Complaint, Plaintiffs assert a First Amendment retaliation claim and a negligence/ wrongful acts (FTCA) claim against the United States. (ECF No. 10). Although the factual allegations in the Third Amended Complaint are sparse, the original pleading (which is attached to the amended pleading) indicates that the claims relate to a raid by FBI agents on Plaintiffs' house, located in Silt, Colorado, on November 16, 2021. (*See id.* at 5). Plaintiff assert they have suffered economic and non-economic damages. (*Id.* at 10). Their previous pleading seeks damages and declaratory and injunctive relief. (*Id.* at 7).

As for the FTCA notice requirements, Plaintiffs allege that they "have filed an administrative tort claim with the appropriate federal agency using Standard Form 95 ("SF-95")," and they are "currently in the process of receiving formal written acknowledgment and receipt of the SF-95 from the agency." (ECF No. 10 at 2). Plaintiffs also contend that "[d]espite Plaintiffs' efforts, administrative relief has not been provided." (*Id.*).

## B. Federal Tort Claim

The Federal Tort Claims Act (FTCA) allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees when such employees are acting within the scope of their duties. 28 U.S.C. § 1346(b)(1); *see also*

3

28 U.S.C. § 2674 (stating that FTCA waives the United States' sovereign immunity from tort claims and makes it liable "in the same manner and to the same extent as a private individual under like circumstances."). However, as Plaintiffs were advised in the Court's December 10, 2025 Order, under the FTCA, a tort action "shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." (ECF No. 9 at 5 (quoting 28 U.S.C. § 2675(a)). A claim is "deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain. . . ." 28 C.F.R. § 14.2(a). Under § 2675(a), the "failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed . . . The requirements are jurisdictional and cannot be waived." *Bradley v. U.S. by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citations omitted). If a plaintiff fails to present his administrative claim to the appropriate federal agency before filing suit, the suit must be dismissed for lack of subject matter jurisdiction. *See Gabriel v. United States,* No. 16-1381, 2017 WL 1173603, at *1 (10th Cir. March 30, 2017) (unpublished).

Further, federal law bars any tort claim against the United States unless it is presented to the appropriate federal agency within two years of the claim's accrual, and a court action is filed within six months after notice of denial of the claim by that agency.

4

28 U.S.C. § 2401(b) ("[A] tort claim against the United States shall be forever barred

unless ... action is begun within six months after the date of mailing ... of notice of final

denial of the claim by the [appropriate Federal] agency to which it was presented.").

Section 2401(b) is the limitations period of the FTCA. *Plaza Speedway Inc. v. United

States,* 311 F.3d 1262, 1266 (10th Cir.2002). Timeliness of suit is one of the conditions

of the government's waiver of sovereign immunity under the FTCA, and the district court

lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy

the FTCA's timing requirements set forth in § 2401(b). *Dahl v. United States,* 319 F.3d

1226, 1228 (10th Cir. 2003). Further, the FTCA exhaustion/ notice requirements cannot

be waived or tolled. *Bradley v. U.S. by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir.

1991) ("Because the FTCA constitutes a waiver of the government's sovereign

immunity, the notice requirements established by the FTCA must be strictly construed

. . . . The requirements are jurisdictional and cannot be waived.") (citations omitted).

In the Court's December 10, 2025 Order, the Court informed Plaintiffs that a

conclusory statement that they had filed a SF-95 form was insufficient. (ECF No. 9 at 6).

Instead, the Court directed Plaintiffs that if they had exhausted their administrative

remedy under the FTCA, they should say so with specificity in a Third Amended

Complaint and attach any relevant documentation available to them. (*Id.*).

Although Plaintiffs were given the opportunity to amend their pleading to allege

that they presented their FTCA claim to the appropriate federal agency, received a final

denial of the claim (or waited the required time period without receiving a response),

and timely filed the FTCA claim, they have failed to do so. Plaintiffs provided only vague

allegations regarding their exhaustion efforts; they did not provide any relevant

5

documentation, and they did not provide any dates. Such conclusory allegations do not demonstrate that they have exhausted their administrative remedy under the FTCA and/ or that they have timely filed their FTCA claim. Thus, it will be recommended that the FTCA claims be dismissed for lack of subject matter jurisdiction.

**C. Constitutional Claim**

Further, it is unclear if Plaintiffs are attempting to assert their First Amendment retaliation claim pursuant to the FTCA or pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In either case, it is recommended that the constitutional claim be dismissed for lack of subject matter jurisdiction.

As Plaintiffs were informed in the December 10, 2025 Order, "Plaintiffs may not sue the United States for damages in a *Bivens* action. The United States has not waived sovereign immunity for itself or its agencies under *Bivens*. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987). Further, federal constitutional claims are not cognizable under the FTCA. *Coleman v. United States*, 803 F. App'x 209, 212 n.3 (10th Cir. 2020); *see also Evans v. Barnhart*, No. 20-CV-02513-GPG, 2020 WL 13815109, at *3 (D. Colo. Sept. 23, 2020) ("[T]he Court lacks jurisdiction over a constitutional claim asserted against the United States . . . under the FTCA."). Therefore, it is recommended that the constitutional claim asserted against the United States pursuant to *Bivens* or the FTCA be dismissed based on lack of subject matter jurisdiction.

## II.    RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the "Response to Order Directing Plaintiffs to Provide a Third Revised Complaint" (ECF No. 10), which is liberally construed as a Third Amended Complaint, and the action be dismissed without prejudice for lack of subject matter jurisdiction.

DATED January 22, 2026.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge